IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICAH DELANNEY                                                        PLAINTIFF

V.                                   NO. 08-CV-02145

ALDI INC.                                                       DEFENDANT

## AGREED PROTECTIVE ORDER

The parties to this action, by their respective attorneys of record, hereby stipulate as follows:

1. The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information. Materials and information protected by this Order shall include all documents or information in Plaintiff's possession and/or produced to Plaintiff by Defendant in response to Plaintiff's Interrogatories, Request for Production of Documents or any other discovery requests by Plaintiff, regarding the personnel records and related information of individuals employed with Aldi Kansas, Inc. Such documents will be designated specifically as "confidential" upon production by the Defendant. The materials and information protected by this Order are hereinafter referenced collectively as "protected materials."

2. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate protected materials, whether pursuant to request, interrogatory, process or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

3. Protected materials shall not be disclosed in any manner, directly or indirectly, to any person other than persons assisting Plaintiff's counsel in the instant litigation. As used herein, the term "persons assisting Plaintiff's counsel in the instant litigation" is limited to:

CHI 11771485.1

(a) Plaintiff;

(b) attorneys in partnership or associated with Plaintiff's counsel;

(c) clerks, paralegals and secretaries in the employ of Plaintiff's counsel;

(d) experts and professional consultants who have been retained by Plaintiff's counsel and who have a need to know said protected materials in order to assist counsel in their preparation for the trial of this matter.

4. In the event any protected materials are disclosed to Plaintiff's experts and professional consultants, such disclosure must be made with the understanding that all restrictions contained in this Order apply with full force and effect to them. Accordingly, if protected materials are disclosed to Plaintiff's experts, the party or person to whom the materials are disclosed shall state his or her consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Protective Order.

5. The restrictions contained herein regarding disclosure of protected materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein as well as to any briefs, pleadings, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the materials or information contained therein, to the extent that such excerpts, analyses, *etc.* identify or include identifying information regarding the individuals to which they relate. Nothing in this Order will preclude disclosure of information where identifying information has been redacted from the document or where references to or discussion of information contained in protected materials contains no information identifying the subject of such materials.

6. In the event that a party's present counsel ceases acting as counsel in this litigation, all protected materials as defined herein, including any copies, excerpts, analyses or summaries thereof shall be returned forthwith to the opposing party's counsel with the exception of any such materials that contain attorney work-product, which may be destroyed.

7. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

8. Within fourteen (14) calendar days of final determination of this action, including all appeals, whether by judgment, settlement or otherwise, the parties shall turn over all documents received pursuant to this order to opposing counsel. In the event a party's counsel possesses attorney work-product containing or referencing protected materials as defined herein, such attorney work-product shall remain subject to the restrictions set forth in paragraph 3 above or in the alternative may be destroyed.

9. Nothing contained in this Order shall affect or restrict the rights of any party with respect to any document or information developed from a source other than protected materials obtained through discovery herein. Such information or documents may be used without regard to this Order, even if similar or identical information or documents have been designated as confidential or are otherwise protected hereunder.

10. The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Order upon a showing of good cause.

11.  Any willful violation of the terms of this Order may, in the discretion of the Court, be found to constitute a contempt of Court, which may result in sanctions to be fixed by the Court in its discretion.

IT IS SO ORDERED.

ENTERED: _____
Honorable Robert T. Dawson
Western District of Arkansas

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 1 3 2009

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

Dated: Aug 13, 2019

This Order is agreed to by the undersigned parties:

_____
One Of The Attorneys For Plaintiff

Dated: 8/4/09

_____
One Of The Attorneys For Defendant

Dated: 8/11/09

4

CH1 11771485.1